OPINION ANO ORDER

This case concerns the applicability of the doctrine of sovereign immunity to the actions of the Tribal Treasurer. We conclude that it does not apply because the Tribal Council did not formally direct such actions and the Tribal Court has subject matter jurisdiction over this case.

FACTUAL AND PROCEDURAL BACKGROUND

[1]

On July 13, 1992, the Kikmongwi of the First Mesa Consolidated Villages, Ebin W. Leslie, certified Steven Youvella and Richard Nayatewa (“Appellants”) as councilmen to the Hopi Tribal Council pursuant to the requirements of Article IV, Section 4 of the Hopi Tribal Constitution. Thereafter, both Appellants were seated as members of the Tribal Council in good standing. In a December 7, 1993 letter, Leslie certified Appellants for an additional two-year term to conclude on November 30, 1995. On January 6, 1994, Leslie noticed the Tribal Council by letter that Appellants had been “de-certified” as representatives of First Mesa.
Leslie’s letter was read into the record of the Hopi Tribal Council on January 10, 1994. According to the minutes of that meeting, Councilmember Jonathan Phillips proposed that the Council accept the letter from the Kikmongwi, but allow Appellants to present the “outcome of their case” at a later date. Councilmember Caleb Johnson then moved to accept the letter of the *371 Kikmongwi, which was accepted by voice consensus. Thereafter, the Tribal Council Secretary, Mary Felter (“Secretary”), removed Appellants’ names from the roster list used to prepare payment vouchers. Thus the Treasurer did not receive any payment vouchers for either Appellant. Consequently, Appellants received no further checks for their services as council members.
Appellants unsuccessfully petitioned the council in person and by letter for reinstatement and back pay on numerous occasions. On July 1, 1994, the Secretary sent a letter to Appellants reporting that the Council had referred the matter' by consensus vote to the Village of First Mesa. In response to further inquiry, the Chairman of the Tribal Council wrote to Appellants that “. . . the Council will continue to view this matter as a village concern and will respect the decision-making process which exists within the Village of First Mesa and all other Hopi Villages.” On November 28, 1994, the new Kikmongwi of First Mesa, Harlan Mahle, certified Augustine Komalestewa and Alexander Ami to replace Appellants on Council. Council seated those replacements.
On May 20, 1995, Appellants filed a complaint in tribal court asserting that the Treasurer’s act of withholding payment was an act or omission outside the scope of his authority as an officer the Hopi Tribe. They requested that the court issue an extraordinary writ be reinstating Appellants and an injunction compelling the Treasurer to pay all checks due to them for services as Councilmembers. In response, Respondents filed a motion to dismiss for lack of subject matter jurisdiction. On May 10, 1996, the trial court granted the motion to dismiss on grounds of sovereign immunity. The court held that a suit based on an action taken by an agent of the Tribe in his official capacity or within the scope of his legal authority was effectively a suit against the Tribe. It further-held that, since the Tribe had not clearly and expressly waived its immunity, suit was barred.
Appellants then filed a motion to alter judgment, which the trial court denied. On June 20, 1996, the Appellants filed a notice of appeal requesting that the Appellate Court reverse the Trial Court’s decision and remand the case for a hearing on the merits. Appellants agreed that officials acting within the scope of their authority and not in violation of the law are protected by the shield of sovereign immunity. They argued, however', that the Trial Court erred in concluding that Appellee had acted within the scope of his authority. On August 29, 1997, this Court held that there was no evidence from which the Trial Court could have made the factual findings necessary to determine whether sovereign immunity barred suit against Appellee, the Treasurer. This Court remanded the case for a factual hearing to determine whether the Treasurer had acted within the scope of his authority and, consequently, whether the doctrine of sovereign immunity applied to the case. On September 16, 1997, Respondents filed a petition for rehearing, which the Appellate Court granted.
On remand, the trial court found that the Council had authorized the Treasurer to make payments to the named members of the Tribal Council by its Annual Budget Resolution. Trial Comí Order, 95-CV-000140, at 1 (8/26/99). It also found that the Tribal Council affirmatively acted to cause the Secretary to remove Appellants’ names from the payment voucher list. Id., at 2. Because of the absence of Appellants’ names from the list, the court held that the Treasurer was under no duty to make payments to the Appellants. Id. Therefore, as a matter of law, the court found *372 that the Tribal Treasurer was acting within his official capacity and thus protected by sovereign immunity. See id. On September 2, 1999, Appellants filed a notice of appeal, challenging the trial court’s dismissal.

DISCUSSION

1. Standard of Review
Thus far, the parties have operated under the assumption that the question of what “direction” Tribal Council was required to give the Secretary and Treasurer[2] is purely a question of fact to be reviewed under the “clearly erroneous” standard. See Brief of Appellants, at 36 (.B. Appellant); Brief of Appellees, at 9 (.B.Appellees). Indeed, the inquiry concerning the actions of the Tribal Council is a factual one. The question of whether the Tribal Council’s actions constitute direction sufficient to authorize ministerial action, however, is a question of law. The trial court’s conclusion that there was direction concerned a matter of law and, although we defer to the trial court’s factual findings, we must review de novo the sufficiency of those facts to result in the court’s legal conclusion. See Coin v. Mowa, AP-005-95, at 9-10 (1997); Kilmer v. Dillingham City School Dist., 932 P.2d 757 (Alaska 1997) (deferring to trial court’s finding of facts but independently reviewing the court’s conclusion based on those facts that a contractor’s actions constituted “good cause” for termination). See also Board of Regents v. Phoenix Newspapers, 167 Ariz. 254, 806 P.2d 348, 351 (1991). Thus, we “are not bound by the trial court’s conclusions of law and are free to draw our own conclusions of law from the facts found by the trial court.” Id., at 351.
II. Application of Sovereign Immunity
The trial court held that the Treasurer-acted within the scope of his official duties because the Tribal Council directed the removal of Appellants from the payment voucher list. See T.C.O. The trial court found a series of actions by the Council, including a vote by voice consensus on a motion to accept the Kikmongwi’s de-certi-fication letter, Council’s subsequent inaction in the face of Appellants’ numerous requests for reinstatement and back pay, and Council’s repeated statements that certification is an issue reserved to the village decision-making process, that indicated them intention to not recognize Appellants as councilmen. It is true that if these actions are sufficient as a matter of law to constitute affirmative authorization, the treasurer will be afforded sovereign immunity; on the other hand, if these actions are not sufficient as a matter of law, the treasurer is not protected by sovereign immunity. See, e.g. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Thus, we review this question de novo and we hold that there was not sufficient direction by Council to authorize the actions of the Secretary and, consequently, those of the Treasurer. Therefore, the Treasurer is not subject to the protection of sovereign immunity.
Respondents would have us believe that a voice vote on a motion whose meaning, on its face, is ambiguous, could be *373 converted into “direction” to the Secretary and Treasurer to stop payment to Appellants. See B. Appellees. The motion proposed by Councilmember Caleb Johnson was to “accept” the letter. In light of Appellant Youvella’s objections to the de-certification and Councilmember Jonathan Phillips’ suggestion to hear Appellants’ “case” at a later date, the meaning of “acceptance” is not clear. The Secretary’s testimony that she “understood” the motion to mean that Appellants were no longer council members and should not get paid, is merely the Secretary’s subjective inference rather than an objective direction to the Secretary and Treasurer. See id., at 17.
Official action of such magnitude often has serious consequences for all parties involved and, therefore, ought to be accompanied by a greater degree of procedural formality than the voice vote to ensure the parties understand precisely what action has been taken. In this case, the Council could easily have formalized their decision about Appellants’ status, but failed to do so. Subsequent actions of the Council, while indicative that Council no longer considered Appellants to be members of the Council, do little to cure the lack of formality with which they made their initial decision. We are not prepared to instruct the Council as to the exact standard, but we find that on these facts that Council’s actions were insufficiently formal and insufficiently clear to constitute direction to the Secretary and Treasurer to stop payments to Appellants.[3]
III. Judgement of the Court
We find that the actions of the Tribal Council were insufficient as a matter of law to provide the requisite direction to the Secretary and Treasurer to result in cessation of payment to Appellants, we hold that Respondent was not acting within the scope of his official capacity. Therefore, sovereign immunity does not bar the Tribal Court’s exercise of subject matter jurisdiction over Appellants’ claim.
Judgement of the trial court is hereby REVERSED. The case is REMANDED to the trial court for proceedings consistent with this Opinion and Order.

. The following factual and procedural history is taken from the Evidentiary Record and briefs submitted by the parlies to this appeal.

. Our prior opinion stated this requirement in three slightly different ways. See Youvella v. Dallas, 96-AP-00002. First, we stated that the "Treasurer may not stop payment absent direction from the Tribal Council." Id., at 6 (emphasis added). Second, we stated that the answer to whether the Treasurer acted pursuant to his duty is found "in the direction given to the Treasurer by the Council.” Id. (emphasis added). Finally, we noted that the "Treasurer may not refuse payment to Appellants, absent clear direction from the Council ...” Id., at 7 (emphasis added).

. Although a Tribal Council resolution would undoubtedly meet our demands for procedural formality, we note that we are not willing to accept Appellants’ claim that the only procedure that would provide sufficient direction is to “pass a resolution telling [the Treasurer] to stop payment.” B. Appellants, at 30.